## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

NIGEL C. SYKES,                     )
                                    )
            Plaintiff,              )
                                    )
    v.                              ) Civ. No. 13-1740-SLR
                                    )
SEASONS PIZZA, et al.,              )
                                    )
            Defendants.             )

### MEMORANDUM

1. **Introduction**. Plaintiff Nigel Sykes ("plaintiff"), an inmate at James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 1, 12) He also requests counsel. (D.I. 11)

2. **Standard of review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v.*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion.** The complaint indicates that plaintiff is refiling a claim that was previously dismissed by the court without prejudice for plaintiff's failure to comply with court orders. *See Sykes v. Delaware State Police*, Civ. No. 11-147-SLR at D.I. 16 (Jan.

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

1, 2012 order dismissing case without prejudice pursuant to Fed. R. Civ. P. 4(m)).

Therein, plaintiff alleged excessive force and failure to provide medical care. *Id.* at D.I.

8. The complaint in the instant case contains no allegations. (D.I. 1) The amended

complaint states that there are new details "like names, places, and times," provides the

names of defendants, but contains no factual allegations. (D.I. 12)

7. **Deficient Pleading**. A civil rights complaint must state the conduct, time,

place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*,

423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d

75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.

1978)). There are no allegations in the complaint directed towards any of the

defendants. Therefore, the court will dismiss the complaint for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

§ 1915A(b)(1).

8. Plaintiff, however, refers to Civ. No. 11-147-SLR, a case wherein the court

identified cognizable claims within the meaning of 28 U.S.C. § 1915A(b). Given that

plaintiff proceeds pro se and seeks to refile the previously dismissed case, he will be

given leave to amend the complaint to correct his pleading defects.

9. **Request for counsel**. Plaintiff requests counsel on the grounds that he does

not have the funds to retain an attorney, an investigation is required, witness

statements are needed, and discovery is necessary. (D.I. 11)

10. A pro se litigant proceeding in forma pauperis has no constitutional or

statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187,

192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However,

representation by counsel may be appropriate under certain circumstances, after a

finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

11. After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues; (3) the degree
to which factual investigation will be necessary and the ability
of the plaintiff to pursue investigation; (4) the plaintiff's capacity
to retain counsel on his own behalf; (5) the extent to which a
case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir.

1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

12. Plaintiff's filings indicate that he possesses the ability to adequately pursue

his claims. Moreover, this case is in its early stages. Upon consideration of the record,

the court is not persuaded that representation by an attorney is warranted at this time.

The court can address the issue at a later date should counsel become necessary.

Therefore, the court will deny the request for counsel without prejudice to renew.

13. **Conclusion**. For the above reasons, the court will dismiss the complaint for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

---

[3]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296
(1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an
unwilling attorney to represent an indigent civil litigant, the operative word in the statute
being "request.".

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1).  Plaintiff will be given leave to amend the

complaint.  Plaintiff's request for counsel will be denied without prejudice to renew.  (D.I.

11) A separate order shall issue.

Dated: January 17 , 2014

UNITED STATES DISTRICT JUDGE

6