IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIGEL C. SYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-1740-SLR |
| | ) |
| SEASONS PIZZA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

1. **Introduction.** Plaintiff Nigel Sykes ("plaintiff"), an inmate at James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 1, 12) The original complaint was dismissed and plaintiff was given leave to amend. An amended complaint was filed on February 19, 2014. (D.I. 17)

2. **Standard of review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v.*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and

conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. The complaint indicates that plaintiff is refiling a claim that was previously dismissed by the court without prejudice for plaintiff's failure to comply with court orders. *See Sykes v. Delaware State Police*, Civ. No. 11-147-SLR at D.I. 16 (Jan. 1, 2012 order dismissing case without prejudice pursuant to Fed. R. Civ. P. 4(m)). (D.I. 1) In the instant case, the original complaint was dismissed for failure to state a claim upon which relief may be granted, and plaintiff was given leave to amend. (*See* D.I. 13, 14)

7. Plaintiff alleges assault, excessive force, and failure to provide medical care. He acknowledges that on November 30, 2010, he committed an armed robbery at

3

Seasons Pizza in Stanton, Delaware. During the robbery, defendant Abdeikader Bedhief ("Bedhief") grabbed plaintiff from behind and, after a short struggle, unnamed defendants took the gun from plaintiff. Plaintiff alleges that Seasons Pizza employees Mauricio Carrera ("Carrera"), Taoufiq Raha ("Raha"), Bedhief, John McGibbon ("McGibbon"), Misail Madariga ("Madariga"), and Manuel Cabrera ("Cabrera") participated in punching, kicking and pouring hot soup over his head and/or body until he was "punched into a state of unconsciousness."[2] (D.I. 17)

8. Police officers Stephen Johnson ("Johnson"), Mark Wahner ("Wahner"), and Don Maiasano ("Maiasano") arrived at the scene to find plaintiff unconscious. Plaintiff was handcuffed behind his back and, when he regained consciousness, he realized that he was being tasered by Maiorano. Each time plaintiff was tasered, the taser darts were "yanked" from his back around his right shoulder blade. When Johnson escorted plaintiff to the police cruiser, he punched plaintiff twice in the stomach and slammed plaintiff's head against the trunk of the police car.

9. Plaintiff sought medical attention, but the Newport police officers would not provide it to him even though paramedics were on the scene. Plaintiff was taken to police headquarters and was detained for eight or more hours before he was transferred to Christiana Hospital for medical attention. The Newport Police Department ("NPD") is also a named defendant.

10. **Personal Involvement**. The amended complaint alleges that plaintiff was

---

[2]Liberally construing the complaint, as the court must, plaintiff alleges the vicarious liability of Seasons Pizza as a result of the acts of its employees. See Draper v. Olivere Paving & Constr. Co., 181 A.2d 565, 569 (Del. 1962).

unconscious when Wahner arrived at the scene. There are no other allegations directed against Wahner. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

11. The complaint provides no facts to support a claim against Wahner and is facially insufficient. In addition, while plaintiff alleges that he was denied medical treatment, the complaint does not provide the name of any defendant who allegedly denied that care. Plaintiff was given an opportunity to cure his pleading defects, but failed to do so. Therefore, the court will dismiss the claims all medical needs claims and the claims against Wahner as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

12. **Municipal Liability**. The NPD is also named as a defendant. The NPD is a department of the Town of Newport and cannot be sued as a separate juridical entity. *See e.g., Washington v. Wilmington Police Dep't*, 1995 WL 654158, at *3 (Del. Super. Sept. 18, 1995). However, because plaintiff proceeds pro se, the court liberally construes the amended complaint as brought against the Town of Newport.

13. Regardless, municipalities cannot be liable under § 1983 for the acts of their agents under a theory of respondeat superior. *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 691-94 (1978). It is clear from the allegations

plaintiff's claims rest upon that theory. The amended complaint barely refers to the NPD, but contains allegations directed towards its police officers. A plaintiff seeking to recover from a municipality must: (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Here, there are no allegations of an existing policy or custom so well-settled so as to constitute law. Nor are there allegations to allow the court to draw reasonable inferences that the NPD may be held liable pursuant to § 1983. Absent any allegation that a custom or policy directly caused harm to plaintiff, his § 1983 claim against the NPD cannot stand. Accordingly, the court will dismiss the § 1983 claim against the NPD pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

14. **Conclusion**. For the above reasons, the court will dismiss all medical needs claims and the claims against defendants Wahner and the Newport Police Department as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff may proceed on assault claims against Seasons Pizza and its employees and excessive force claims against police officers Maiasano and Johnson. A separate order shall issue.

Dated: April 17, 2014

_____
UNITED STATES DISTRICT JUDGE