IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIGEL C. SYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-1740-SLR |
| | ) |
| SEASONS PIZZA, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 17 day of April, 2014, for the reasons set forth in the memorandum issued this date;

IT IS HEREBY ORDERED that:

1. All medical needs claims and all claims against defendants Mark Wahner and the Newport Police Department are **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

2. The court has identified what appear to be cognizable assault claims against Seasons Pizza and its employees Mauricio Carrera, Taoufiq Raha, Adbeikader Bedhief, John McGibbon, Misail Madariga, and Manuel Cabrera, and excessive force claims against police officers Don Maiasano and Stephen Johnson. Plaintiff may proceed with these claims.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3), (d)(1), (e)(1), (h), and (j) plaintiff shall complete and return to the Clerk of Court **original** "U.S. Marshal-285" forms for remaining defendants Seasons Pizza, Mauricio Carrera, Taoufiq Raha, Adbeikader Bedhief, John McGibbon, Misail Madariga, Manuel Cabrera, Don Maiasano, and

Stephen Johnson, as well as for Mayor Michael Spencer, the chief executive officer of the Town of Newport, 226 N. James Street, Newport, Delaware 19804. **Plaintiff shall provide the court with copies of the complaint (D.I. 1) and amended complaints (D.I. 12, 17) for service upon remaining defendants and the chief executive officer of the Town of Newport. Plaintiff is notified that the United States Marshals Service ("USMS") will not serve the complaint and amended complaints until all "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide complete "U.S. Marshal 285" forms for remaining defendants and the chief executive officer of the Town of Newport and copies of the complaint and amended complaint within 120 days of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form(s) required by paragraph 1 above, the USMS shall forthwith serve a copy of the complaint (D.I. 1), amended complaints (D.I. 12, 17), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

3. A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this

jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

4. A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

7. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE