# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NIGEL C. SYKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1740 SLR-SRF |
| | ) | |
| SEASONS PIZZA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

### I. INTRODUCTION

Presently before the court in this action alleging assault and excessive force claims under 42 U.S.C. § 1983 are the following motions: (1) a motion to dismiss for failure to state a claim filed by Officers Don Maiorano and Stephen Johnson (together, the "Officer defendants"), and the Town of Newport (D.I. 24); (2) a motion to dismiss for failure to state a claim filed by defendants Adbeikader Bedhief, Mauricio Carrera, Misail Madariga, John McGidden, Taofiq Raha, and Seasons Pizza (collectively, the "Seasons Pizza defendants") (D.I. 41); and (3) a motion to appoint counsel filed by plaintiff Nigel C. Sykes ("Sykes" or "plaintiff") (D.I. 44). For the following reasons, I recommend that the court (1) grant the motion to dismiss filed by the Officer defendants; (2) grant the Seasons Pizza defendants' motion to dismiss; and (3) deny plaintiff's motion to appoint counsel as moot.

## I. BACKGROUND

On November 30, 2010, plaintiff committed an armed robbery at the Seasons Pizza located in Stanton, Delaware.[1] (D.I. 17 at 1) Plaintiff alleges that he entered the restaurant through the rear door and displayed a revolver hand gun when he encountered delivery driver Misail Madariga. (*Id.*) Defendant Madariga handed plaintiff $140.00 and two delivery receipts. (*Id.*) As plaintiff was making his way to the front of the restaurant, he was grabbed from behind by defendant Adbeikader Bedhief. (*Id.*) A struggle ensued, and the Seasons Pizza defendants gained control of plaintiff's hand gun. (*Id.*) After obtaining control of the gun, the Seasons Pizza defendants began kicking, punching, and pouring hot soup on plaintiff, rendering plaintiff unconscious. (*Id.*)

Officers from the Newport Police Department arrived at the scene to find plaintiff unconscious on the floor. (*Id.*) When plaintiff regained consciousness, he found that his hands had been handcuffed behind his back, and he was tasered three times while handcuffed. (*Id.* at 1-2) As the police officers escorted plaintiff from the restaurant to the police cruiser, officer Stephen Johnson punched plaintiff in the stomach twice and slammed plaintiff's head against the trunk of the police cruiser. (*Id.*)

Throughout the course of his arrest, plaintiff requested medical attention from the paramedics at the scene, but his requests were repeatedly denied. (*Id.*) Plaintiff was taken to the police barracks in Bear, Delaware, where he was detained for approximately eight hours before being taken to Christiana Hospital to receive medical treatment. (*Id.*) Plaintiff claims that he

---

[1] At this early stage of the proceedings, the court must accept as true all facts alleged in the amended complaint, and draw all reasonable inferences in favor of plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008). Consequently, the following background information is drawn from plaintiff's amended complaint filed on February 18, 2014, and does not constitute findings of fact. (D.I. 17)

2

continues to suffer bruises, headaches, contusions, and burns from the encounter. (*Id.*) Plaintiff emphasizes that he did not resist arrest at any point during the course of these events. (*Id.*)

Plaintiff, proceeding pro se, filed an action on February 17, 2011 (the "2011 action"), asserting causes of action for civil rights violations under 42 U.S.C. § 1983 and for assault against the Delaware State Police and Seasons Pizza, and seeking to recover damages for injuries he sustained during the course of the armed robbery on November 30, 2010. (C.A. No. 11-147-SLR, D.I. 3) On May 9, 2011, the court issued a memorandum and order dismissing the complaint as frivolous, but granting plaintiff leave to amend the complaint within thirty days. (*Id.* at D.I. 7) On June 2, 2011, Plaintiff filed an amended complaint against the Delaware State Police, but did not include claims against Seasons Pizza. (*Id.* at D.I. 8)

On June 17, 2011, the court entered an order requiring the Delaware State Police to identify the police officers involved in the November 30, 2010 occurrence within forty-five days after service of the complaint. (*Id.* at D.I. 9) On October 25, 2011, the court issued an order dismissing the case without prejudice because plaintiff failed to complete service on the defendants within 120 days as required by Federal Rule of Civil Procedure 4(m). (*Id.* at D.I. 10) Plaintiff subsequently filed a motion for reconsideration, which was granted, giving plaintiff an additional thirty days to complete service. (*Id.* at D.I. 12; D.I. 13) However, plaintiff failed to serve the defendants within the specified time period, and on January 18, 2012, the court again dismissed plaintiff's case without prejudice pursuant to Rule 4(m). (*Id.* at D.I. 16)

Plaintiff filed a second motion for reconsideration on July 10, 2012, which was denied. (*Id.* at D.I. 18) On December 7, 2012, plaintiff filed a motion to reopen the case, which was also denied. (*Id.* at D.I. 22; D.I. 25) Plaintiff then moved for reconsideration of the court's order denying his motion to reopen the case on March 26, 2013, which was denied. (*Id.* at D.I. 26; D.I.

3

27) Plaintiff again moved for reconsideration of the court's order denying his motion to reopen the case on May 6, 2013, and the court denied the motion, indicating that future motions for reconsideration to reopen the case would be docketed but not considered. (D.I. 28; D.I. 29)

Plaintiff filed a new complaint commencing the instant action on July 5, 2013. The pleading states the same assertions as in the original complaint. Plaintiff demands monetary damages against the Delaware State Police Department and Seasons Pizza for the injuries he sustained during the course of the armed robbery on November 30, 2010. (D.I. 1) Plaintiff subsequently amended the complaint on December 2, 2013. (D.I. 12) On January 17, 2014, the court dismissed the amended complaint for failure to state a claim and granted plaintiff thirty days to file an amended complaint. (D.I. 13; D.I. 14)

Plaintiff filed an amended complaint on February 5, 2014, alleging claims for assault and excessive force against the Seasons Pizza defendants, the Officer defendants, the Newport Police Department, and Officer Mark Wahner. (D.I. 15) The court entered a deficiency notice the following day because plaintiff failed to sign the amended pleading in violation of Federal Rule of Civil Procedure 5 and D. Del. Local Rule 5.1(a). (D.I. 16) Plaintiff corrected the deficiency and refiled the amended complaint on February 18, 2014. (D.I. 17) This court issued a memorandum and order on April 23, 2014, dismissing all claims against Officer Mark Wahner and the Newport Police Department as frivolous pursuant to 28 U.S.C. § 1915, but permitting plaintiff to proceed with claims against the Seasons Pizza defendants and the Officer defendants. (D.I. 18; D.I. 19) The Officer defendants and the Seasons Pizza defendants subsequently filed their respective motions to dismiss pursuant to Rule 12(b)(6), alleging that plaintiff's claims are barred by the statute of limitations. (D.I. 24; D.I. 41)

## II. LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

Following the Supreme Court's decision in *Iqbal*, district courts have conducted a two-part analysis in determining the sufficiency of the claims. First, the court must separate the factual and legal elements of the claim, accepting the complaint's well-pleaded facts as true and disregarding the legal conclusions. *Iqbal*, 556 U.S. at 663. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Second, the court must determine whether the facts alleged in the complaint state a plausible claim by conducting a context-specific inquiry that "draw[s] on [the court's] experience and common sense." *Id.* at 663-64; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to

5

infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. The Officer Defendants' Motion to Dismiss

In support of their motion to dismiss, the Officer defendants contend that plaintiff's amended complaint is barred by the statute of limitations because the Officer defendants were named for the first time in the amended complaint filed on February 5, 2014, more than three years after the date of the armed robbery on November 30, 2010. (D.I. 24 at 5) The Officer defendants argue that Rule 15(c)(1)'s relation back requirements are not met because plaintiff has failed to show that the amended complaint was filed within 120 days of the original complaint, that the failure to name the Officer defendants was a mistake, or that the Officer defendants knew or should have known of the initial complaint in this case. (*Id.* at 5-6)

In response, plaintiff contends that the amended complaint should survive under the doctrine of equitable tolling, his lack of knowledge of the Officer defendants' identities should be excused, and the court should apply Rule 15(c) to relate the amended complaint back to the date of the original complaint in the 2011 action. (D.I. 35 at 1) Plaintiff alleges that the doctrine of equitable tolling should apply because he was unable to identify the Officer defendants prior to the exchange of discovery, and his criminal defense attorney failed to provide him with information from his criminal case that would have enabled him to identify the Officer defendants. (*Id.*) Moreover, plaintiff alleges that the relation back doctrine set forth in Rule 15(c) should apply because the subject matter in the present matter is identical to the facts set forth in the 2011 action and, but for a mistake regarding the identity of the Officer defendants,

6

plaintiff's claims would have been filed within the statute of limitations. (*Id.* at 2) Plaintiff additionally suggests that a new action brought within one year after the original action was dismissed for failure to perfect service of process is not barred by the statute of limitations pursuant to 10 *Del. C.* § 8117. (*Id.* at 3)

Delaware's two-year statute of limitations for personal injury applies to cases arising under 42 U.S.C. § 1983. 10 *Del. C.* § 8119; *see also McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *Daoud v. City of Wilmington*, 894 F. Supp. 2d 544, 557 (D. Del. 2012) ("Section 1983 does not itself provide a statute of limitations; rather, the applicable statute of limitations is the state's statute of limitations governing personal injury claims."). Such claims accrue "as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994). In a claim for excessive force, it is apparent that the plaintiff knows or should have known about the injury at the same time that it occurred. *See Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir. 2009).

The statute of limitations in the present case began to run on November 30, 2010, the date of the incident. Plaintiff's complaint in the present action, which was filed on July 5, 2013, falls outside the scope of the applicable statute of limitations. Plaintiff initiated the 2011 action on February 17, 2011, well within the two year statute of limitations period. (C.A. No. 11-147-SLR, D.I. 1) However, the timeliness of the 2011 action has no bearing on the viability of the instant action under the statute of limitations analysis because, as the Third Circuit has held, "[i]t is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice." *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983); *see also Chiang v. U.S. Small Business Admin.*, 331 F.

7

App'x 113, 116-17 (3d Cir. 2009) (holding that the district court did not abuse its discretion in dismissing the action without prejudice and denying appellants' request for an extension of time to perfect service where appellants offered no explanation for four year delay in perfecting service); *Tricome v. eBay, Inc.*, 2014 WL 5410206, at *2 (E.D. Pa. Oct. 23, 2014) (concluding that the dismissal without prejudice of plaintiff's first lawsuit for failure to prosecute his claims did not save his new lawsuit from being time-barred).

Under some limited circumstances, a claim may survive despite being filed after the statute of limitations expires. However, neither the equitable tolling doctrine nor the principle of relation back under Rule 15(c) applies to excuse the untimeliness of plaintiff's claims in the present matter.

The federal equitable tolling doctrine provides a limited exception to the two-year statute of limitations. The equitable tolling doctrine is used sparingly, and should be applied only to actions in which the application of the state statute of limitations would frustrate federal policy. *Manuel v. Mears*, 947 F. Supp. 2d 426, 430 n.3 (D. Del. 2013). To invoke the doctrine of equitable tolling, a plaintiff must demonstrate that: (a) a defendant actively misled a plaintiff with respect to his cause of action; (b) the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (c) the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *See Dickens v. Taylor*, 671 F. Supp. 2d 542, 547 (D. Del. 2009) (citing *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000)); *Moody v. Kearney*, 380 F. Supp. 2d 393, 397 (D. Del. 2005).

In the present matter, plaintiff does not allege that the Officer defendants actively misled him, nor has plaintiff asserted his claims in the wrong forum. Therefore, the court must consider whether extraordinary circumstances prevented plaintiff from asserting his claims in a timely

manner. Plaintiff's claimed inability to identify the Officer defendants does not constitute an extraordinary circumstance under the facts of the instant case. The record reflects that this court ordered the Delaware State Police Department to provide plaintiff with the identities of the Officer defendants within forty-five days of plaintiff's service of the complaint in the 2011 action. (C.A. No. 11-147, D.I. 9) The court also offered plaintiff additional time to perfect service on the defendants in the 2011 action, but plaintiff failed to comply. (C.A. No. 11-147, D.I. 13) As a result, plaintiff relinquished the opportunity to obtain the identities of the Officer defendants from the Delaware State Police Department in the 2011 action.

Plaintiff also failed to present evidence documenting his efforts to obtain information regarding the identities of the Officer defendants from the Office of the Federal Public Defender prior to the expiration of the statute of limitations. The letter plaintiff attaches to his response to the Seasons Pizza defendants' motion to dismiss only refers to plaintiff's efforts to obtain the documents on August 16 and 17, 2014, after the statute of limitations had already expired. (D.I. 48, Ex. A)

Having determined that the doctrine of equitable tolling does not apply to the facts of the present case, the court must next conduct an analysis of whether the amended complaint relates back to the date of the original complaint filed in the 2011 action pursuant to Rule 15(c). *See Jackson v. Phelps*, C.A. No. 10-919-SLR, 2013 WL 6092168, at *3 (D. Del. Nov. 19, 2013). Rule 15(c)(1) of the Federal Rules of Civil Procedure sets forth three requirements governing the applicability of relation back: (a) the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the initial pleading; (b) the newly named party received such notice of the institution of the action within the period specified in Rule 4(m) (i.e., 120 days), so that the party will not be prejudiced in maintaining a defense on the merits; and (c) the newly

9

named party knew or should have known that the action would have been brought against him, but for a mistake (or lack of knowledge) concerning the newly named party's identity. *See Johnson v. GEICO Cas. Co.*, 673 F. Supp. 2d 244, 248–49 (D. Del. 2009).

Relation back to the original complaint in the 2011 action would not save plaintiff's case from dismissal because Rule 15(c) does not permit relation back to a complaint filed in a separate civil action.[2] *See U.S. ex rel. Malloy v. Telephonics Corp.*, 68 F. App'x 270, 273 (3d Cir. 2003) ("pursuant to the plain language of the rule, the relation back theory applies to an amendment of a pleading in the same civil action"); *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 n.6 (3d Cir. 1995) (holding that a district court's dismissal without prejudice of an action for failure to perfect service of process constitutes a final order barring the refiling of the complaint if the statute of limitations has expired). Nor does relation back under Rule 15(c)(1) apply to the original complaint in the present civil action, which was filed on July 5, 2013, months after the statute of limitations expired. *See* Fed. R. Civ. P. 15(c)(1) ("An amended complaint relates back to the date of the original pleading . . .").

Plaintiff's citation to the Third Circuit's decision in *Arthur v. Maersk, Inc.*, 434 F.3d 196, 208 (3d Cir. 2006), is inapposite because the original complaint was filed prior to the expiration of the statute of limitations. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 207 (3d Cir. 2006) (original complaint filed in May 2002, and statute of limitations expired in December 2002). Plaintiff's

---

[2] Although "[a] pro se complainant . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Ning Ye v. Holder*, 644 F. Supp. 2d 112, 116 (D.D.C. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), proceeding as a pro se litigant does not exempt a party from complying with the Federal Rules of Civil Procedure, *Lewis v. Williams*, C.A. No. 05-013-GMS, 2010 WL 2640188, at *3 (D. Del. June 30, 2010). Both the United States Supreme Court and the Third Circuit have consistently held that pro se plaintiffs must adhere to the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse the mistakes of those who proceed without counsel."); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 567, 570 (3d Cir. 1996).

reliance on 10 *Del. C.* § 8117 for the proposition that an action filed within a year of a previous action dismissed without prejudice may survive the expiration of the statute of limitations is also misplaced. Section 8117 applies to persons "out of the State" at the time the cause of action accrues. 10 *Del. C.* § 8117. Nothing in the record presently before the court suggests that any of the defendants were outside of Delaware when plaintiff's causes of action accrued. For the foregoing reasons, I recommend that the court grant the Officer defendants' motion to dismiss.

### B. The Seasons Pizza Defendants' Motion to Dismiss

By way of their motion to dismiss, the Seasons Pizza defendants contend that plaintiff's amended complaint is barred by the statute of limitations. (D.I. 42 at 5-7) Specifically, the Seasons Pizza defendants allege that there is no basis to apply the equitable tolling doctrine, particularly in light of plaintiff's lack of diligence in pursuing his claims. (*Id.* at 5-6) Moreover, the Seasons Pizza defendants argue that plaintiff's amended complaint does not meet the relation back requirements set forth in Rule 15(c). Plaintiff responds that he was unable to file the complaint in a timely manner because he could not access the files from his criminal case. (D.I. 48)

I recommend that the court grant the Seasons Pizza defendants' motion to dismiss because plaintiff failed to initiate the present action within the applicable statute of limitations. For the reasons previously stated in connection with the Officer defendants' motion to dismiss, plaintiff has failed to show that extraordinary circumstances prevented him from filing the complaint in a timely manner and, as a result, the doctrine of equitable tolling does not apply. Moreover, the relation back provision of Rule 15(c) does not apply because the original complaint in the present matter was filed after the expiration of the statute of limitations, and the original complaint in the 2011 action cannot save plaintiff's assault claim against the Seasons

11

Pizza defendants because Rule 15(c) applies only to pleadings filed within the same civil action. *See U.S. ex rel. Malloy v. Telephonics Corp.*, 68 F. App'x 270, 273 (3d Cir. 2003)

The exhibit plaintiff attaches to his answering brief indicates that the Office of the Federal Public Defender sent plaintiff documents from his criminal case files on October 21, 2013 and December 23, 2013. (D.I. 48, Ex. A) The letter indicates that plaintiff submitted letters requesting those documents on August 16 and August 17, 2014, but the requested files had already been sent. (*Id.*) Plaintiff has not provided any evidence indicating that the timing of his initial request for documents from his criminal proceeding predated the expiration of the statute of limitations. Additionally, plaintiff's criminal file was publicly available at the New Castle County Courthouse and contained documents listing the names of the Seasons Pizza defendants. (D.I. 49, Ex. A at 8:7-9; Ex. B at ¶ 17) Consequently, I recommend that the court grant the Seasons Pizza defendants' motion to dismiss.

### C. Plaintiff's Motion to Appoint Counsel

In light of the foregoing recommendations to dismiss plaintiff's amended complaint, I recommend that the court deny plaintiff's motion to appoint counsel as moot.

### IV. CONCLUSION

For the foregoing reasons, I recommend that the court: (1) grant the Officer defendants' motion to dismiss with prejudice; (2) grant the Seasons Pizza defendants' motion to dismiss with prejudice; and (3) deny plaintiff's motion to appoint counsel as moot.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10)

pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: February 4, 2015

Sherry R. Fallon
United States Magistrate Judge